1  Brandt L. Wolkin, Esq., SBN 112220
   Catharine M. Tolson, Esq., SBN 271223
2  WOLKIN · CURRAN, LLP
   111 Maiden Lane, Sixth Floor
3  San Francisco, California 94108
   Telephone:    (415) 982-9390
4  Facsimile:    (415) 982-4328
   bwolkin@wolkincurran.com
5  ctolson@wolkincurran.com

6  Attorneys for plaintiff
   STATE NATIONAL INSURANCE COMPANY
7

8

9                  UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADAM TORMEY DBA GOLDEN STATE BABY BARRIER, a Sole Proprietorship; C.A. TORMEY CONSTRUCTION, INC. DBA GOLDEN STATE BABY BARRIER, a California corporation; C.A. TORMEY CONSTRUCTION, INC. DBA C.A. TORMEY REMODELING, a California Corporation; AND DOES 1-10,<br><br>Defendants. | Case No.<br><br>**STATE NATIONAL INSURANCE COMPANY'S COMPLAINT FOR:**<br><br>**DECLARATORY RELIEF – NO DUTY TO DEFEND;**<br><br>**DECLARATORY RELIEF – NO DUTY TO INDEMNIFY; and**<br><br>**RECOUPMENT OF AMOUNTS PAID ON UNCOVERED CLAIM** |

COMES NOW, STATE NATIONAL INSURANCE COMPANY ("SNIC" and/or "Plaintiff"), against ADAM TORMEY DBA GOLDEN STATE BABY BARRIER, a Sole Proprietorship; C.A. TORMEY CONSTRUCTION, INC. DBA GOLDEN STATE BABY BARRIER, a California corporation; C.A. TORMEY CONSTRUCTION, INC. DBA C A TORMEY REMODELING, a California Corporation; AND DOES 1-10, and alleges as follows:

///

1
COMPLAINT                                                      CASE NO.

**PARTIES**

1. Plaintiff SNIC is now, and at all times mentioned in the Complaint was, an insurance company organized and existing under the laws of the State of Texas. SNIC is licensed to do business in the State of California by the California Secretary of State and Department of Insurance.

2. SNIC is informed and believes, and thereon alleges, that defendant ADAM TORMEY dba GOLDEN STATE BABY BARRIER is a sole proprietorship in the State of California, with its principal place of business in Sacramento, California.

3. SNIC is informed and believes, and thereon alleges, that defendant C.A. TORMEY CONSTRUCTION, INC. DBA GOLDEN STATE BABY BARRIER is a corporation organized and existing under the laws of the State of California, with its principal place of business in Sacramento, California.

4. SNIC is informed and believes, and thereon alleges, that defendant C.A. TORMEY CONSTRUCTION, INC. DBA C A TORMEY REMODELING, a California Corporation, is a corporation organized and existing under the laws of the State of California, with its principal place of business in Sacramento, California.

**JURISDICTION**

5. The controversy for which SNIC requests a declaratory judgment involves parties who are subject to the diversity jurisdiction of this court and the amount in controversy exceeds the jurisdictional limitations set forth in 28 U.S.C. §1332.

6. This is an action for declaratory judgment brought under 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining actual controversies among the parties as hereinafter more fully set forth

**VENUE**

7. Venue is proper in the Eastern District of California in that the Defendant is subject to personal jurisdiction in this district at the time this action is commenced (28 U.S.C. §1391(c)) and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**SUMMARY OF THIS ACTION**

8. SNIC brings this action for a declaration concerning the rights and the obligations of the parties under a commercial general liability (CGL) policy with respect to an underlying personal injury action entitled *Ethan Sproull v. D & D Technologies, (USA), Inc., et al.,* Superior Court of California, County of Sacrament, Case No. 23CV000328 (the "Underlying Action"). The Underlying Action involves the drowning of a two-year-old boy in a family pool on September 7, 2022 after the child was able to open the pool gate and fell into the pool (the "Incident"). The child survived, but has suffered significant injuries that are the subject of the Underlying Action.

9. SNIC has been providing a defense to CA TORMEY CONSTRUCTION, INC. dba GOLDEN STATE BABY BARRIER in the Underlying Action, under a complete reservation of rights. SNIC contends that it owes no duty to defend or indemnify any of the herein named Defendants for the claims asserted in the Underlying Action under the terms and conditions of the Policies. Without waiver of all other contractual provisions, SNIC contends that there is no coverage during the 2020 Policy, as there was no injury at the time. There is no coverage under the 2021 Policy, as it was issued to an entity named "Diamond Pools". Golden State Baby Barrier was not added as an insured until after the Incident. Even if Golden State Baby Barrier were an insured, the endorsement for Prior Completed or Abandoned Work would preclude coverage, as the gate was installed and put to its intended use prior to inception of the 2021 Policy.

10. Accordingly, SNIC seeks a judgment declaring that no potential for coverage or actual coverage exists for the Underlying Action under the Policies, and that SNIC therefore owes no duty to defend or indemnity any Defendant from or against liability they may sustain in that case. SNIC also pleads a claim for recoupment of any sums expended under reservation of rights, as set forth below.

**FACTUAL RECITALS AND INSURANCE POLICIES**

11. SNIC received the first notice of loss relating to the Incident on December 1, 2022. After an initial investigation into coverage, including conversations with the named

insured, where SNIC was advised that the pool gate was installed in May 2020, prior to the earliest SNIC policy's inception. Accordingly, SNIC denied coverage for the Incident on December 9, 2022.

12. Thereafter, the Underlying Action was filed on April 14, 2023 against C.A. Tormey Construction Inc. dba Golden State Baby Barrier, and CA Tormey Construction Inc. dba CA Tormey Remodeling. Plaintiffs allege deficiencies in the swimming pool fence, gate, and component parts, including design flaws and improper installation. The First Amended Complaint alleges that closure of the gate and turning the locking key mechanism on the latch did not lock the gate. Even though the gate appeared to be closed and a red indicator on the latch indicated that the gate was closed and locked, it was not and the child was able to open it. The fence, gate, latch, and component parts are alleged to have been defectively designed, defectively manufactured, and defectively and negligently installed. It is alleged that the fence, gate, latch, and component parts thereof allegedly exhibited significant flexibility and misalignment, particularly between the gate and fence with the gate in the visually closed position, making it difficult, if not impossible, for a lay user to determine the status of the gate.

13. The allegations in the Underlying Action are: Strict Liability - Design Defect, Strict Liability - Manufacturing Defect, Strict Liability - Failure to Warn, Product Negligence, Product Negligence - Failure to Warn, and Breach of Implied Warranty of Fitness for a Particular Purpose.

14. Plaintiff issued Policy NXTFUGEDN3-00-GL to Adam Tormey dba Golden State Baby Barrier, effective from Sept 28 2020 through Sept 28 2021 (the "2020 Policy"). The day after inception, the insured changed the insured entity name on the 2020 Policy to Diamond Pools. Accordingly, for the duration of the 2020 Policy, the sole named insured was Adam Tormey dba Diamond Pools.

15. The following year, Plaintiff issued renewal Policy No. NXTFUGEDN3-01-GL to Adam Tormey dba Diamond Pools, effective September 28, 2021 through September 28, 2022 (the "2021 Policy"). The date of loss is September 7, 2022, during the 2021 Policy

period.

16. The following year, the Plaintiff issued renewal Policy No. NXTFUGEDN3-02-GL to Adam Tormey dba Diamond Pools, effective September 28, 2022 through September 28, 2023. Thereafter, the insured requested and was issued a Policy Change Endorsement to the 2022 Policy amending the named insured entity to "**Golden State Baby Barrier** in lieu of Diamond Pools" on December 1, 2022.

17. Accordingly, the relevant timeline of events for purposes of this action is as follows:

- 2019: The entity named "**Sierra Baby Carrier**" is founded by Chris Tormey. There is no record of any SNIC policy having been issued for this company

- 2019: **Sierra Baby Carrier** installs the pool fence at Plaintiff's home.

- April 2, 2020: Entity named "**Golden State Baby Barrier**" issues an estimate to install the gate for the pool. The Estimate also lists CA Tormey Construction, and CSLB 1093297. Of note, that CSLB # is listed as belonging to Tormey Construction, Inc. A true and correct copy of the estimate is attached hereto and marked as **Exhibit 6**.

- May 2020: **Golden State Baby Barrier** installs gate at Plaintiff's home.

- September 28, 2020: Application for insurance naming **Golden State Baby Barrier** is submitted to SNIC. A true and correct copy of the Application is attached hereto and marked as **Exhibit 1.**

- September 28, 2020: SNIC issues Policy number NXTFUGEDN3-00-GL to **Adam Tormey/Golden State Baby Barrier**, effective 9/28/2020 – 9/2/2021. A true and correct copy of the 2020 Policy is attached hereto and marked as **Exhibit 2**.

- September 29, 2020: Insured changed their named insured business name through Plaintiff's online portal to the name "**Diamond Pools**."

- September 28, 2021: SNIC issues renewal Policy NXTFUGEDN3-01-GL to **Diamond Pools Adam Tormey.** A true and correct copy of the 2021 Policy is attached hereto and marked as **Exhibit 3**.

- December 22, 2021 **C.A. Tormey Construction, Inc.** is formed.

- September 7, 2022: The Incident.

- September 28, 2022: SNIC issues renewal Policy NXTFUGEDN3-02 to Diamond Pools Adam Tormey. A true and correct copy of the 2022 Policy is attached hereto and marked as **Exhibit 4**.

- December 1, 2022: Policy Change Endorsement to Policy NXTFUGED3-02-GL amending named insured to "**Golden State Baby Barrier** in lieu of Diamond Pools." A true and correct copy of that endorsement is attached hereto and marked as **Exhibit 5**.

18. Plaintiff retained defense counsel Jason Tortorici at Schilleci Tortoici Law on June 26, 2023 to provide a defense to its insured under reservation of rights. A true and correct copy of that reservation of rights correspondence is attached hereto and incorporated by reference as **Exhibit 7**.

19. It is SNIC's position that there is no coverage under the 2020 Policy, as there was no "bodily injury'" that occurred during that Policy year.

20. It is further SNIC's position that there is no coverage under the 2021 Policy because as of the date of the injury, the only named insured was Adam Tormey dba Diamond Pools. Golden State Baby Barrier was not a named insured at the time of the Incident, and was not named until December 1, 2022. Further, even if Golden State Baby Barrier were a named insured, the 2021 Policy's Exclusion – Prior Completed and Abandoned Work applies to preclude coverage.

**FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF – NO DEFENSE DUTY**
**(Against C.A. Tormey Construction Inc. dba Golden State Baby Barrier, and Adam Tormey dba Golden State Baby Barrier)**

21. SNIC re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 20 of the Complaint.

**A.   No Duty to Defend Under the 2020 Policy**

22. The 2020 Policy provides:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

    a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

>    \*\*\*
>
>    **b.**   This insurance applies to "bodily injury" and "property damage" only if:
>
>    \*\*\*
>
>       **(2)**   The "bodily injury" or "property damage" occurs during the policy period…

23.   SNIC has no duty to defend any entity, including but not limited to C.A. Tormey Construction, Inc. dba Golden State Baby Barrier and/or Adam Tormey dba Golden State Baby Barrier in the Underlying Action under the 2020 Policy as there was no "bodily injury" that occurred during that Policy period.

**B.   No Duty to Defend Under the 2021 Policy**

24.   The Incident and the alleged bodily injury took place during the 2021 Policy, which was issued to Adam Tormey dba Diamond Pools.

25.   <u>As to Adam Tormey dba Golden State Baby Barrier</u>:  SNIC alleges there is no coverage including no duty to defend Adam Tormey dba Golden State Baby Barrier under the 2021 Policy because neither Adam Tormey nor Golden State Baby Barrier contracted to perform the work that is at issue for the Incident.  Further, the Exclusion – Prior Completed and Abandoned Work applies to preclude coverage the work at issue was completed in May 2020 when installation of the gate was complete.  Therefore, the exclusion bars coverage notwithstanding the lack of insured status. That endorsement states:

**EXCLUSION – PRIOR COMPLETED AND ABANDONED WORK**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**   The following is added to **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions:**

This insurance does not apply to:

   **1.**   "Bodily injury" or "property damage" arising out of "your work" completed or "abandoned' prior to the earliest inception of continuous coverage with us.

7

COMPLAINT                                                                                                  CASE NO.

  **B.** Paragraph 16.a.(2) of **SECTION V – DEFINITIONS** is deleted in its entirety and replaced by the following:

   **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    **(a)** When all of the work called for in your contract has been completed.

    **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

  26. <u>As to C.A. Tormey Construction, Inc. dba Golden State Baby Barrier:</u> SNIC alleges it has no duty to defend C.A. Tormey Construction, Inc. dba Golden State Baby Barrier as that entity is not a <u>named</u> insured on the 2021 Policy. The 2021 Policy includes the following language dictating who is considered an insured:

SECTION II – WHO IS AN INSURED

  1. If you are designated in the Declarations as:

  ***

  d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

  ***

  **3.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

   **a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

     **b.** Coverage **A** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

     **c.** Coverage **B** does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

CA Tormey Construction, Inc. was never added as named insured on the 2021 Policy. On information and belief, CA Tormey Construction, Inc. does not qualify under the definition of Who is An Insured. Even if the Court finds that the CA Tormey Construction, Inc. qualifies under the definition of Who is An Insured, that coverage would cease on the 90th day after the corporate entity was formed, which would have been March 22, 2022, six months before the incident. Accordingly, at the time of the Incident, CA Tormey Construction, Inc. would not have been an insured under any analysis. Further, as to Golden State Baby Barrier, Defendant did not request that that entity be added as an insured to the Policy until December 1, 2022, after the Incident occurred. As of the date of the Incident, the only named insured under the 2021 policy was Adam Tormey dba Diamond Pools.

27. Alternatively, there is no coverage for the Incident pursuant to the 2021 Policy's Exclusion – Prior Completed and Abandoned Work applies to preclude coverage.

28. The work at issue was completed in May 2020 when installation of the gate was complete. Therefore, the exclusion bars coverage notwithstanding the lack of insured status.

  C. **No Duty Under the 2022 Policy**

29. SNIC alleges it has no duty to defend any entity under the 2022 Policy as the "bodily injury" did not take place during the 2022 Policy period, and the Exclusion – Prior Completed and Abandoned Work applies to preclude coverage as the work performed was complete prior inception of the 2022 Policy. Further, C.A. Tormey Construction, Inc. is not a named insured under the 2021 Policy.

30. SNIC is informed and believes and thereon alleges that Defendants dispute these contentions, and instead contend that the Underlying Action gives rise to a potential for coverage and thus a contractual duty to defend under the terms of the Policies.

9

COMPLAINT                              CASE NO.

31. By virtue of the foregoing, there presents a justiciable controversy between SNIC on the one hand and Defendants on the other hand, concerning whether SNIC owes a contractual duty to defend the Underlying Action under one or more of the Policies.

32. SNIC seeks a judicial declaration, under 28 U.S.C. 2201, *et seq.*, that the Underlying Action is not potentially covered under its contracts of insurance by virtue of the foregoing policy terms, limitations, and exclusions, and hence SNIC owes no duty to defend Defendants in that case.

**SECOND CAUSE OF ACTION**
**DECLARATORY RELIEF – NO DUTY TO INDEMNIFY**
(against C.A. Tormey Construction Inc. dba Golden State Baby Barrier, and Adam Tormey dba Golden State Baby Barrier)

33. SNIC re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 32 of the Complaint.

34. SNIC has no duty to indemnify Defendants under the Policies for any liability that may be imposed upon them in the Underlying Action by operation of the terms, definitions and exclusions in each of the polices and applicable law.

**A.    No Duty Under the 2020 Policy**

35. While SNIC reserves the right to raise additional defenses to coverage, SNIC has no duty to indemnify under the 2020 Policy as there was no "bodily injury" that occurred during that Policy period.

**B.    No Duty Under the 2021 Policy**

36. The Incident and the alleged bodily injury took place during the 2021 Policy, which was issued to Adam Tormey dba Diamond Pools.

37. <u>As to Adam Tormey dba Golden State Baby Barrier</u>: SNIC alleges there is no coverage including no duty to indemnify Adam Tormey dba Golden State Baby Barrier under the 2021 Policy because the Exclusion – Prior Completed and Abandoned Work applies to preclude coverage.

38. <u>As to C.A. Tormey Construction, Inc. dba Golden State Baby Barrier:</u> SNIC alleges it has no duty to indemnify C.A. Tormey Construction, Inc. dba Golden State Baby

Barrier as that entity is not a named insured on the 2021 Policy. On information and belief, CA Tormey Construction, Inc. does not qualify under the definition of Who is An Insured. Even if the Court finds that the CA Tormey Construction, Inc. qualifies under the definition of Who is An Insured, that coverage would cease on the 90th day after the corporate entity was formed, which would have been March 22, 2022, six months before the incident. Accordingly, at the time of the Incident, CA Tormey Construction, Inc. would not have been an insured under any analysis.  Further, as to Golden State Baby Barrier, Defendant did not request that that entity be added as an insured to the Policy until December 1, 2022, after the Incident occurred.  As of the date of the Incident, the only named insured under the 2021 policy was Adam Tormey dba Diamond Pools.

39. Alternatively, there is no coverage for the Incident pursuant to the 2021 Policy's Exclusion – Prior Completed and Abandoned Work applies to preclude coverage.

### C. No Duty Under the 2022 Policy

40. SNIC alleges it has no duty to defend any entity under the 2022 Policy as the "bodily injury" did not take place during the 2022 Policy period, and the Exclusion – Prior Completed and Abandoned Work applies to preclude coverage as the work performed was complete prior inception of the 2022 Policy.  Further, C.A. Tormey Construction, Inc. is not a named insured under the 2021 Policy.

41. SNIC is informed and believes and based thereon alleges that Defendants dispute these contentions, and instead contend that the policies impose on SNIC a duty to indemnify them from and against liability they may sustain in the Underlying Action.

42. By virtue of the foregoing, there presents a justiciable controversy between SNIC, on the one hand, and Defendants on the other hand, concerning whether SNIC has a duty to indemnify Defendants, or any of them, for liability they may sustain in the Underlying Action.

43. SNIC seeks a judicial declaration, under 28 U.S.C. §§ 2201, *et seq.*, that the Underlying Action and claims are not covered under its contracts of insurance and, as a result, SNIC owes defendants no duty to indemnify them from or against liability they

COMPLAINT                                                                                                  CASE NO.

sustain in that case.

**THIRD CAUSE OF ACTION**
**DECLARATORY RELIEF – NO DUTY TO DEFEND**
**(against C.A. Tormey Construction Inc. dba CA Tormey Remodeling)**

44. SNIC re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 43 of the Complaint.

45. The Underlying Action is brought against C.A. Tormey Construction Inc. dba CA Tormey Remodeling as Defendant. SNIC is informed and believes and based thereon alleges that CA Tormey Remodeling believes SNIC owes a duty to defend it in the Underlying Action, though no request for coverage has been made. However, SNIC has never issued a policy of insurance to that entity.

46. The 2020 Policy was issued to Adam Tormey dba Golden State Baby Barrier, who then changed its named insured name to Diamond Pools. The 2021 Policy was issued to Adam Tormey dba Diamond Pools.

47. Tormey Construction Inc. dba CA Tormey Remodeling is not a named insured under any policy of insurance issued by SNIC. To the extent that said entity contends it is entitled to coverage under the 2020 or 2021 Policies pursuant to the Who is An Insured Definition, SNIC is informed and believes and based thereon alleges that CA Tormey Construction Inc. dba CA Tormey Remodeling is not an "executive officer" of any of the named insureds. Further, CA Tormey Construction Inc. dba CA Tormey Remodeling would only qualify as a named insured if newly acquired and in the event there is no other insurance and only for the first 90days after the corporation was formed. This corporation was formed December 22, 2021. Accordingly, coverage for this entity, if any, would have expired March 22, 2022, before the Incident occurred.

48. SNIC is informed and believes and thereon alleges that Defendant disputes these contentions, and instead contends that the Underlying Action gives rise to a potential for coverage and thus a contractual duty to defend under the terms of the Policies.

49. By virtue of the foregoing, there presents a justiciable controversy between SNIC on the one hand and Defendant on the other hand, concerning whether SNIC owes a

1 contractual duty to defend the Underlying Action under one or more of the Policies.

2    50.    SNIC seeks a judicial declaration, under 28 U.S.C. 2201, *et seq.*, that the Underlying Action is not potentially covered under its contracts of insurance by virtue of the foregoing policy terms, limitations, and exclusions, and hence SNIC owes no duty to defend Defendant in that case.

**FOURTH CAUSE OF ACTION**
**DECLARATORY RELIEF – NO DUTY TO INDEMNIFY**
**(against C.A. Tormey Construction Inc. dba CA Tormey Remodeling)**

51.    SNIC re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 50 of the Complaint.

52.    SNIC has no duty to indemnify Defendant under the Policies for any liability that may be imposed upon it in the Underlying Action by operation of the terms, definitions and exclusions in each of the polices and applicable law.  While SNIC reserves the right to raise additional defenses to coverage, SNIC has no duty to indemnify Defendant because SNIC has never issued a policy of insurance to Tormey Construction Inc. dba CA Tormey Remodeling.

53.    The 2020 Policy was issued to Adam Tormey dba Golden State Baby Barrier, who then changed its named insured name to Diamond Pools.  The 2021 Policy was issued to Adam Tormey dba Diamond Pools.  Both the 2020 and 2021 Policies include the following terms as to who

54.    CA Tormey Construction Inc. dba CA Tormey Remodeling is not a named insured under any policy of insurance issued by SNIC.  To the extent that said entity contends it is entitled to coverage under the 2020 or 2021 Policies pursuant to the Who is An Insured Definition, SNIC is informed and believes and based thereon alleges that CA Tormey Construction Inc. dba CA Tormey Remodeling is not an "executive officer" of any of the named insureds.  Further, CA Tormey Construction Inc. dba CA Tormey Remodeling would only qualify as a named insured if newly acquired and in the event there is no other insurance and only for the first 90 days after the corporation was formed.  This corporation was formed December 22, 2021.  Accordingly, coverage for this entity, if any, would have

COMPLAINT                                                                                              CASE NO.

expired March 22, 2022, before the Incident occurred.

55. SNIC is informed and believes and based thereon alleges that Defendant disputes these contentions, and instead contends that the policies impose on SNIC a duty to indemnify it from and against liability it may sustain in the Underlying Action.

56. By virtue of the foregoing, there presents a justiciable controversy between SNIC, on the one hand, and Defendant on the other hand, concerning whether SNIC has a duty to indemnify Defendants, or any of them, for liability they may sustain in the Underlying Action.

57. SNIC seeks a judicial declaration, under 28 U.S.C. §§ 2201 et seq., that the Underlying Action and claims are not covered under its contracts of insurance and, as a result, SNIC owes defendant no duty to indemnify it from or against liability they sustain in that case.

**FIFTH CAUSE OF ACTION**
**RECOUPMENT OF AMOUNTS PAID ON UNCOVERED CLAIMS**
**(Against All Defendants)**

58. SNIC re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 57 of the Complaint.

59. SNIC has provided a defense to the Defendants in the Underlying Action under a full reservation of rights, including the right to claim recoupment of all sums expended by it on the defense of, or indemnification for uncovered claims.

60. SNIC has paid sums on the defense of the Underlying Action, for which it in fact owes no potential coverage and thus no duty to defend.

61. SNIC is entitled to and hereby seeks the recoupment from Defendants of all sums expended by SNIC toward the defense of the Underlying Action, in whole or in part, to the extent that such sums were expended on the defense of uncovered claims. In the event, and to the extent that, SNIC were to pay any amounts for indemnity, SNIC is also entitled to, and would seek, the recoupment of those sums also, in whole or in part, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, SNIC respectfully prays for relief as follows

1. On its First Cause of Action, a declaratory judgment that SNIC owes no duty to defend C.A. Tormey Construction, Inc. dba Golden State Baby Barrier and/or Adam Tormey dba Golden Stat Baby Barrier the Underlying Action under either the 2020 or 2021 Policies;

2. On its Second Cause of Action, a declaratory judgment that SNIC owes no duty to indemnify C.A. Tormey Construction, Inc. dba Golden State Baby Barrier and/or Adam Tormey dba Golden Stat Baby Barrier in the Underlying Action under either the 2020 or 2021 Policies;

3. On its Third Cause of Action, a declaratory judgment that SNIC owes no duty to defend CA Tormey Construction Inc. dba CA Tormey Remodeling the Underlying Action under either the 2020 or 2021 Policies;

4. On its Fourth Cause of Action, a declaratory judgment that SNIC owes no duty to indemnify CA Tormey Construction Inc. dba CA Tormey Remodeling in the Underlying Action under either the 2020 or 2021 Policies;

5. On its Fifth Cause of Action, for damages in an amount to be proven at trial, reflecting all sums expended by SNIC on the defense and/or indemnity (if any) of the uncovered claims from the underlying Action;

6. For costs of suit, to the extent permitted by law; and

7. For such other and further relief as the Court may deem just and proper.

Dated: September 27, 2023

WOLKIN CURRAN, LLP

By: */s/ Catharine M. Tolson*
Brandt L. Wolkin, Esq.
Catharine M. Tolson, Esq.

Counsel for Plaintiff
STATE NATIONAL
INSURANCE COMPANY